**98–564.  State v. Rutan.**

Franklin App. No. 97APA03–389.  This cause is pending before the court as a discretionary appeal. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction, due May 29, 1998, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence.  Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.

**98–591.  State ex rel. Gains v. Hill.**

Mahoning App. No. 98 C.A. 12.  This cause is pending before the court as an appeal from the Court of Appeals for Mahoning County.  It appears from the records of this court that appellant has not filed a merit brief, due June 1, 1998, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence.  Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.
DOUGLAS, J., not participating.

**98–737.  Franklin Cty. Convention Facilities Auth. v. CP–Maple Street.**

Franklin App. No. 98AP–430.  This cause is pending before the court as a discretionary appeal.  It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction, due June 1, 1998, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence.  Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.

**98–844.  State ex rel. Rutherford v. Indus. Comm.**

Franklin App. No. 97APD04–512.  This cause is pending before the court as an appeal from the Court of Appeals for Franklin County.  Upon consideration of appellants' application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

*Friday, June 5, 1998*

# MOTION DOCKET

**92–1257.  State v. Woodard.**

Cuyahoga App. No. 61171.  On January 24, 1995, this court stayed the execution of sentence in this cause pending exhaustion of state postconviction remedies.  Appellee has moved that this court set a date for execution of sentence.  It appearing to the court that all matters have been disposed of in case No. 92–1257, appellant's direct appeal of his conviction, and case No. 98–433, appellant's postconviction appeal,

IT IS ORDERED by the court, *sua sponte*, that the stay of execution entered in this cause on January 24, 1995, be and is hereby, revoked.

IT IS HEREBY ORDERED by this court that said sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Thursday, the 3rd day of September, 1998, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Cuyahoga County.

**98–711.  State ex rel. Freedom Communications, Inc. v. Elida Community Fire Co.**

In Mandamus.  This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of the motion for admission *pro hac vice* of John A. Bussian,

IT IS ORDERED by the court that the motion for admission *pro hac vice* be, and hereby is, granted.